## WALTER KIMBALL

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* H. W. JONES.

HEALTH DEPARTMENT — *construction of statutes.*    The act of 1867, organizing the health department of the city of Chicago, conferred upon the commissioners power to appoint sanitary inspectors, and do whatever to them seemed necessary to carry out the objects of that act.

APPEAL from the Superior Court of Chicago; the Hon. JOHN M. WILSON, Chief Justice, presiding.

This was a petition for an alternative writ of mandamus, filed by the relator, in the Superior Court of Chicago, against Walter Kimball, city comptroller, for the city of Chicago, to compel him to audit and pay a bill due the relator, as sanitary inspector, appointed by the board of health. An alternative writ was ordered. On the return of the writ a demurrer was filed by the appellant, which being overruled, a peremptory writ was awarded, and the case brought to this court by appeal.

The facts are stated in the opinion.

Mr. S. A. IRWIN, for the appellant.

Messrs. HERVEY, ANTHONY & GALT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the return of the alternative writ of mandamus, appellant filed a demurrer, which was overruled by the court and a judgment rendered awarding a peremptory writ for the relief sought. To have that judgment reviewed, appellant brings the case to this court, and relies for a reversal on the supposed error of the court below in overruling the demurrer and awarding the peremptory writ of mandamus. The only question raised on the argument is, whether the board of health, created by the act of 1867, were empowered to appoint appellee as an agent or officer to aid in carrying into effect the objects for which the law was passed.

It appears from the petition and writ to which the demurrer was filed, and which must be taken as true, that the board of health was duly organized, and that they entered upon the discharge of their duties under the statute. It is alleged, that, for the more perfect organization of the board, and the better to carry out the objects for which it was created, and to protect the city from impending pestilence, it was necessary to appoint a sanitary superintendent, and his duties and powers

were defined; that the board decided it was necessary to divide the city into sixteen sanitary districts, and to appoint a sanitary inspector for each of these districts, and the regulations of the board required that none but physicians should be so appointed; that the city was so divided into districts, and the board afterward appointed the relator, who was a physician, sanitary inspector for the ninth district; that he entered upon the discharge of his duties, and was, by the regulations made by the board, to receive a salary of $200 per annum; that having entered upon his duties on the 5th of April, and continued therein until the 27th of May, 1867, he presented his bill for $30 to the board, which was duly allowed, approved and certified; that he presented the same to appellant, who was city comptroller, but he refused payment, although in possession of money set apart to pay the expenses of the board by the city authorities, contrary to his duty in the premises.

The first section of the act of March, 1867, declares that "said board of health shall have, and there is conferred on said board, such powers and duties as may be necessary to promote or preserve the safety or health of the city, or improve its sanitary condition." The second section declares, that, "said board of health may enact such by-laws, rules and regulations as it may deem advisable, in harmony with the provisions of this act, and all acts the object of which is to promote and preserve the health, safety and sanitary condition of the city, now existing, or that may hereafter be passed, not inconsistent with the Constitution or laws of this State, for the regulation of the action of the board, its officers and agents, in the discharge of their duties, and for the regulation of the citizens or public, and from time to time may alter, amend or annul the same."

It is insisted, that this enactment conferred power to sustain the action of the board of health, in dividing the city into districts, and the appointment of these inspectors or agents. It became the obvious duty of the board, by their creation, to take all reasonable precautions to preserve and promote the general health of the city. And, knowing that it was beyond the

power of the number of persons constituting the board to discharge all of the duties, and perform the labor necessary to the end sought, the legislature conferred, as it is seen, large discretionary powers, in determining the policy to be adopted, and the means to be employed to preserve the health. They were required to act for that purpose, and to adopt the necessary means for its accomplishment. In doing so, they are authorized to adopt by-laws for the purpose, and for the government of their officers and agents.

If it was not designed that they should employ agents necessary to carry out the objects of the law, why authorize them to make by-laws to govern their officers and agents? The general assembly manifestly understood that they had conferred such power, when they said power was conferred upon them necessary to promote or preserve the health, or improve the sanitary condition, of the city. The enactment leaves them to exercise a large descretion in the employment of the means which they believed best calculated to attain the object. If they believed it could be best done by by-laws operating on the citizens, they could adopt them; or, if they believed it was necessary to act through agents, they could appoint them and prescribe their duty; or, if it was deemed necessary, they could employ both means.

That it was important, in the discharge of their extensive duties, that the board of health should be well informed as to existing causes of disease, and the best mode of their removal, there can be no doubt; and who more proper to examine and report such causes, and the means of removing them, than physicians, who, of all others, should be the most competent, and best calculated, from their medical education and practice, to render valuable assistance to the board? Of all others, it would be expected that the board would avail themselves of the assistance of physicians of experience in the healing art. We are, therefore, of the opinion that the board of health had power to appoint relator sanitary inspector, and that the city, having provided the means which were in the hands of appellant to pay him for his services, the court below decided

correctly in awarding the peremptory writ of mandamus for its payment; and the judgment must be affirmed.

*Judgment affirmed.*